

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

FILED IN OPEN COURT
U.S.D.C. Atlanta

NOV 26 2013

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRIMINAL NO. 1:13-CR-443

The United States Attorney for the Northern District of Georgia and the Defendant Nathan Trent enter into this plea agreement as set forth below in Part IV pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure. Nathan Trent, the Defendant, having received a copy of the above-numbered information, and having been arraigned, hereby pleads GUILTY to the information.

## I. ADMISSION OF GUILT

The Defendant admits that he is pleading guilty because he is in fact guilty of the crime charged in the information.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against him. If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right

to appeal the conviction.

The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III. ACKNOWLEDGMENT OF PENALTIES

The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

(a)   Maximum term of imprisonment: 20 years.

(b)   Mandatory minimum term of imprisonment: 5 years.

(c)   Term of supervised release: 5 years to life.

(d)   Maximum fine: $250,000, due and payable immediately.

(e)     Full restitution, due and payable immediately, to the extent ordered by the Court, to all victims of the offense and relevant conduct.

(f)     Mandatory special assessment: $100.00, due and payable immediately.

(g)     Forfeiture of any and all proceeds from the commission of the offense and any and all property used to facilitate the offense.

The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in this paragraph and that no one can predict his exact sentence at this time.

## IV. PLEA AGREEMENT

The Defendant, his counsel, and the United States Attorney for the Northern District of Georgia ("the Government"), as counsel for the United States, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### No Additional Charges

The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charge to which he is pleading guilty. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

## Sentencing Guidelines Recommendations

**Base/Adjusted Offense Level Recommendations**

The government will recommend that the Sentencing Guidelines be applied in the following manner:

(a) The applicable offense guideline is Section 2G2.2.

(b) Under Section 2G2.2, the Defendant's base offense level is 22. The evidence supports the following adjustments to the Defendant's base offense level:

– A two-point upward adjustment for material involving a prepubescent minor who has not attained the age of 12;

– A two-point upward adjustment for distribution under Section 2G2.2(b)(3)(F)

– A four-point upward adjustment for material that portrays sadistic or masochistic conduct or other depictions of violence;

– A two-point upward adjustment for the use of a computer to receive child pornography; and

– A five-point upward adjustment for an offense involving 600 or more images.

**Acceptance of Responsibility**

The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the

Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize Defendant's involvement in relevant offense conduct, give conflicting statements about Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

### Right to Answer Questions, Correct Misstatements, and Make Recommendations

The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the Government also reserves the right to make recommendations regarding application of the Sentencing Guidelines.

### Right to Modify Recommendations

With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

## Sentencing Recommendations

**Fine--No Recommendation**

The Government agrees to make no specific recommendation as to the fine to be imposed on the Defendant within the applicable guideline range.

**Restitution**

The Defendant agrees to pay full restitution to all victims of the offense to which he is pleading guilty and all relevant conduct to the extent ordered by the Court, including, but not limited to, any counts dismissed as a result of this Plea Agreement. The Defendant understands that the amount of restitution owed to each victim will be determined by the Court at sentencing. The Defendant also agrees to cooperate fully in the investigation of the amount of restitution and the identification of victims.

## Cooperation

**General Requirements**

The Defendant agrees to cooperate truthfully and completely with the Government, including being debriefed and providing truthful testimony at any proceeding resulting from or related to Defendant's cooperation. Defendant agrees to so cooperate in any investigation or proceeding as requested by the Government. Defendant agrees that Defendant's cooperation shall include, but not be limited to:

    (a)    producing all records, whether written, recorded, electronic, or machine readable, in his actual or constructive possession, custody, or control, of evidentiary value or requested by attorneys and agents of the Government;

    (b)  making himself available for interviews, not at the expense of the Government if he is on bond, upon the request of attorneys and agents of the Government;

    (c)  responding fully and truthfully to all inquiries of the Government in connection with any investigation or proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503) and related offenses;

    (d)  when called upon to do so by the Government in connection with any investigation or proceeding, testifying in grand jury, trial, and other judicial proceedings, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), obstruction of justice (18 U.S.C. § 1503), and related offenses.

The Defendant understands that the Government alone will determine what forms of cooperation to request from the Defendant, and the Defendant agrees that Defendant will not engage in any investigation that is not specifically authorized by the Government.

**Conditional Section 5K/Rule 35 Motion**

The Government agrees to make the extent of the Defendant's cooperation known to the sentencing court. In addition, if the cooperation is completed before sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines, the Government will file a motion at sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed after sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of

Criminal Procedure, the Government will file a motion for reduction of sentence. In either case, the Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the Government. Good faith efforts by the Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. The Defendant also understands that, should the Government decide to file a motion pursuant to this paragraph, the Government may recommend any specific sentence, and the final decision as to what credit, if any, the Defendant should receive for Defendant's cooperation will be determined by the Court. If the Defendant fails to cooperate truthfully and completely, or if the Defendant engages in additional criminal conduct or other conduct inconsistent with cooperation, Defendant will not be entitled to any consideration whatsoever pursuant to this paragraph.

### Financial Cooperation Provisions

**Special Assessment**

The Defendant agrees that, within 30 days of the guilty plea, he will pay a special assessment in the amount of $100.00 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney within 30 days of the guilty plea.

**Fine/Restitution - Terms of Payment**

The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately.

If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the Government deems appropriate. Finally, the Defendant and his counsel agree that Government officials may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

### Recommendations/Stipulations Non-binding

The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

### Limited Waiver of Appeal

LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including,

but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court or appeal an order of restitution. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

### **Sex Offender Registration**

The Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). He shall initially register with the state sex offender registration agency in Georgia, and shall also register with the state sex offender registration agency in any state where he resides, is employed, works, or is a student, as directed by the Probation Officer. The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment. The Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

## Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

## No Other Agreements

There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this 26TH day of NOVEMBER, 2013.

_____
SIGNATURE (Attorney for Defendant)
Jerry McCumber

_____
SIGNATURE (Assistant U.S. Attorney)
Jill E. Steinberg

_____
SIGNATURE (Approving Official)
Yonette Buchanan

9-11-2013
DATE

_____
SIGNATURE (Defendant)
Nathan Trent

11

## CERTIFICATE OF DEFENDANT AND COUNSEL

I have read the information against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____    11 26 2013
SIGNATURE (Defendant)           DATE

I am Nathan Trent's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____    11 26 2013
SIGNATURE (Defense Attorney)    DATE

INFORMATION BELOW MUST BE TYPED OR PRINTED

Jerry McCumber  
NAME (Attorney for Defendant)

150 E. PONCE DELEON AVE  
STREET  
SUITE 250  

DECATUR, GA 30030  
CITY & STATE   ZIP CODE

PHONE NUMBER 404-824-0012

STATE BAR OF GEORGIA NUMBER 487167

Filed in Open Court

_____

By _____

Nathan Trent  
NAME (Defendant)

1491 Walker Ave  
STREET

College Pk Ga 30337  
CITY & STATE   ZIP CODE

PHONE NUMBER _____

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIMINAL ACTION NO.: | 1:13-CR-443 |
| DEFENDANT'S NAME: | Nathan Trent |
| PAY THIS AMOUNT: | $100.00 |

INSTRUCTIONS:

1. PAYMENT MUST BE MADE BY **CERTIFIED CHECK** OR **MONEY ORDER** PAYABLE TO:

    CLERK OF COURT, U.S. DISTRICT COURT

    **\*PERSONAL CHECKS WILL NOT BE ACCEPTED\***

2. PAYMENT MUST REACH THE CLERK'S OFFICE WITHIN 30 DAYS OF THE ENTRY OF YOUR GUILTY PLEA

3. PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

    Clerk, U.S. District Court
    2211 U.S. Courthouse
    75 Spring Street, S.W.
    Atlanta, Georgia  30303

    (Do not Send Cash)

4. INCLUDE DEFENDANT'S NAME ON **CERTIFIED CHECK** OR **MONEY ORDER**

5. ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT

6. PROVIDE PROOF OF PAYMENT TO THE ABOVE-SIGNED AUSA WITHIN 30 DAYS OF THE GUILTY PLEA