UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA (ATLANTA)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § | Criminal Action Number<br>No. 1:13-CR-0443-SCJ<br>Judge Steve C. Jones |
| NATHAN WESLEY TRENT,<br>    Defendant | § § § | |

SENTENCING MITIGATION MEMORANDUM AND REQUEST
FOR DEPARTURE AND/OR VARIANCE

COMES NOW, undersigned counsel on behalf of NATHAN WESLEY TRENT, the defendant in the above-captioned matter, and respectfully submits the following information pursuant to Rule 32 of the Federal Rules of Criminal Procedure, the Federal Sentencing Guidelines, 18 U.S.C. § 3661 and 18 U.S.C. § 3553.[1]

---

[1] Rule 32 (c) sets forth the requirements of the presentence investigation and the resolution of any disputes by findings of fact and conclusions of law. 18 U.S.C. § 3661 states that "no limitation" shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of opposing an appropriate sentence. 18 U.S.C. § 3553 sets forth the appropriate sentencing factors the Court should consider both in relationship to the personal characteristics of the defendant and the offense as well as the Federal Sentencing Guidelines. The general text of the Federal Sentencing Guidelines should be considered but is advisory.

1

## PREFACE

On November 26, 2013, Nathan Wesley Trent ("Trent")pled guilty to a single count of possession and receipt child pornography in violation of 18 U.S.C. § 2252 (a)(2) and b.  The authorities discovered Trent's illegal activities during an investigation of other individuals not charged in this case but believed to be charged under separate criminal informations and/or indictments.  Trent has fully cooperated with the investigation of such individuals and others and has made a full recounting of his own illegal conduct.  On November 27, 2014, Trent entered into a written plea agreement with the government which will be discussed below.

## SYNOPSIS OF OFFENSE

The substance of the case against Trent is that he received one or more visual depictions of minors engaging in sexually explicit conduct on an unknown date but at least by July 19, 2013.  In May 2013, the government received information from a confidential source that such confidential source and Trent had exchanged child pornography.  The confidential source also stated that Trent had expressed a sexual interest in children through Skype and cellular text messages.  This same activity continued through June and July of 2013 when Trent communicated to the confidential source that he possessed child pornography and wished to trade same with the confidential source.  The confidential source agreed to a trade.  On or about July 13, 2013, Trent sent adult gay pornography and child pornography to the confidential source online.  One such file transmitted to the confidential source contained images of a child providing oral sex to an adult.

On July 19, 2013, agents served a search warrant Trent's residence located at 1497 Walker Drive, College Park, Georgia 30337.  Agents seized three laptop computers, four external hard drives and two thumb drives which contained approximately 349 images of child pornography and 408 videos of child pornography.  Trent admitted he distributed child pornography both over the internet and in person.  Trent's receipt and distribution of such images and videos was  the result of bartering or trading with

2

other individuals for similar materials and/or drugs.

## TRENT'S BACKGROUND

As the Presentence Investigation Report ("PSR") indicates, Trent is 28 years of age and grew up primarily in Alabama, the adopted son of a former minster and family therapist, and a registered nurse. Trent's father is deceased and his mother still lives in Alabama where she remains a nurse and family therapist. Trent has two younger brothers. Trent's homosexual lifestyle was evident early on, and his parents and family did not approve of that lifestyle which resulted in a turbulent relationship with both of his parents.

The father physically abused Trent on the notion that "he could beat the gay out of him", and mental abuse continued with the father constantly telling Trent that he was going to hell because of his being homosexual. Trent became a chronic drug and alcohol abuser in his pre-pubescent years and ran away from home regularly. Trent had academic and social issues in school and was ultimately home schooled by his mother through the 12th grade. According to Trent's mother and based on testing, he suffers from a learning disability in the spectrum of Asperger Syndrome. Trent has disclosed that he was raped as a child.

At approximately 18 years of age and after living with several men in Alabama, Trent moved to Saint Mary's, Georgia. He has been a Georgia resident since that time. Since approximately 2010, Trent has lived with his husband at the Walker Drive address in College Park, Georgia. Trent and his husband were married in September 2011, in Washington, D.C. Trent has never been charged with any other criminal offense.

Trent currently suffers from a serious auto-immune disorder which requires treatment and medication on an ongoing basis. In addition to the long-term drug and alcohol abuse and the related issues, Trent has been diagnosed as suffering from bipolar disorder and is currently receiving treatment for that illness.

The foregoing is not offered as an excuse or justification for Trent's actions the responsibility for which he fully accepts. The foregoing is offered as pertinent background information regarding this individual whom the Court must sentence.

Trent wants the Court to know that he takes full responsibility for his actions and that he understands that his actions were wrong.

## TRENT'S COOPERATION WITH THE GOVERNMENT

Prior to being formally charged with any crime, Trent agreed to cooperate with the government's investigation. Trent met with the government agents for an interview which was joined by the Assistant U.S. Attorney. Trent readily provided all of the information available to him concerning those individuals with whom he had shared child pornography and expressed his willingness to continue to assist the government. Trent has told the government that he will tell the truth regarding these events in or out of court, as may be requested by the government.

## PROBATION OFFICER'S RECOMMENDATION

Due to the fact that Trent pled guilty to the receipt and possession of child pornography, the guidelines call for numerous increases.

The probation officer has made the following recommendation regarding sentencing:

    (a) Base Offense Level – Receipt of Child Pornography, U.S.S.G. § 2G2.2(a)(2)    22

    (b) Involvement of prepubescent children, U.S.S.G. §2G2.2(b)(2)    +2

    (c) Distribution for thing of value, U.S.S.G. §2G2.2(b)(3)(B)    +5

    (d) Portrayal of sadistic or masochistic conduct or violence, U.S.S.G. § 2G2.2(b)(4)    +4

(e) Use of a computer, U.S.S.G. § 2G2.2(b)(6)                                   +2

(f) Large number of images, U.S.S.G. § 2G2.2(b)(7)(D)                           +5

(g) Adjustment for Accepting Responsibility, U.S.S.G. § 3E1.1(a) and (b)        -3


Offense Level                                                                   37

(c) Guidelines                              210 to 262 months (60 months mandatory)


## DEFENSE SENTENCING RECOMMENDATIONS

Counsel for Trent respectfully requests the Court to impose a sentence of sixty (60) months, the mandatory minimum sentence. This recommendation is based upon the following:

The defendant does not dispute that U.S.S.G. §2G2.2 is the applicable offense guideline in this matter. Counsel objects to the application of the enhancements set forth in such guideline, not on the basis of Trent contesting responsibility for his actions but on the basis that the application of the sentencing guidelines will result in excessive sentence.

Specifically, there is the 2-level enhancement for possessing material with prepubescent minor or a minor who has not attained the age of 12 years. Although Trent admits that he possessed such images, he shows the court that such possession is typical in these types of cases and is considered in the base offense level 22. Therefore, an upward departure based on these criteria is not warranted. Trent also contends that the 2-level upward adjustment for distribution due to the sole fact that photographs/videos were traded. Such trading is common practice, which Trent admits he "shared" the images, but this "sharing" is customary to such offenses and the non-commercial bartering should not warrant an upward departure in that it too is considered in the high base level of 22.

A 4-level upward adjustment for material that betrays sadistic of masochistic conduct or other depictions of violence is inappropriate in that the terms "sadistic" and "masochistic" are not defined nor is the specific conduct involved in this case identified. Regardless, Trent has

admitted responsibility in this regard but objects to this enhancement on the basis of the lack of a clear definition of the prohibited behavior.

The 2-level enhancement for the use of a computer to receive child pornography in an age when computers are widely used for the transmission of every kind of data and information seems to be an additional factor that was considered in setting the base level and is the norm in a day of computer driven communication. Finally, the 5-level enhancement based upon the admitted fact that Trent possessed more than 600 images is not fitting under the circumstances. In a day of computers being widely used for the transmission of every kind of data and information, this appears to be a wide spread phenomenon in these types of cases and again appears to have been considered in the base level of 22.

Acknowledging the very repugnant nature of child pornography, counsel for Trent believes that the purposes of sentencing set forth in 18 U.S.C. 3553(a) will be fulfilled by the mandatory minimum sentence of sixty (60) months of incarceration. This stature provides that each sentence should reflect the seriousness of the offense, promote respect for the law, and provide a just punishment; provide deterrence to crime, and protect the public from the defendant. These objectives will be fully satisfied by the mandatory minimum sentence as opposed to a sentence near the maximum sentence of 20 years. The probation officer notes that the cost of confinement is estimated to be $28,948.00 annually.

## THE DEFENDANT'S POLICY ARGUMENT

This Court has the authority to depart from the Sentencing Guidelines. The Guidelines are now just that, "guidelines" and they need not be followed if there is a valid individualized or policy reason not to do so. In this case, as horrid as child pornography is, Trent remains a "viewer" not a "doer". Trent has touched no one, yet he is being punished under the Guidelines to the same extent as if he had molested a child. Granted the argument can be made, and has been made, that without the support of "viewers" such as Trent, there would be no market for these images. Yet, isn't this concern satisfied in the mandatory minimum of 5 years' incarceration?

The same is true of the 5 level enhancements for the use of a computer and the other enhancements at issue. What child pornography case in the last ten years does not involve a computer or a child less than 12 years of age? This case is also a result of trading in bulk where rarely does a defendant say, "Take this picture and that picture". Instead he is given a video, the specifics of the contents, beyond its generally illegal status as child pornography, is unknown.

Finally, counsel for this defendant earnestly believes that the Draconian punishments specified in the Sentencing Guidelines will eventually destroy the functionality of the Federal plea bargaining system if some corrective action is not taken, by the Commission itself, by Congress or by Federal Judges refusing to follow the obviously flawed matrix that now confronts us. What is Trent's reward in this case by confessing, cooperating, pleading guilty and offering to assist the government? Nothing. What is the advantage of the negotiated plea agreement? The same - nothing. The entire system works because it is generally in a defendant's best interest to accept responsibility for his crimes and assist the government as much as possible. This system breaks down when the 3 level reductions is eclipsed by the 18 level enhancements that are routinely present in the garden variety case of this nature. If the incentive to cooperate continues to be nullified in child pornography prosecutions, at some point, that cooperation will cease. Trent urges the Court to consider the foregoing and impose the minimum five (5) year sentence imposed by statute.

## THE FINE AND RESTITUTION

It is counsel's understanding that there are no identified victims to be reimbursed nor have any losses eligible for reimbursement been identified. The PSR sets forth a fine range of $20,000 to $200,000. Trent has a high school diploma but suffers and been diagnosed with learning disabilities. Trent has no job skills and no significant employment history, and for the past four years, Trent has lived with his husband whom fully supports him. Trent is in no way attempting to avoid any financial responsibility but with his education, skills and experience, the likelihood of any meaningful income is, at best, slight.

Respectfully Submitted,

_____
Jerry D. McCumber
Georgia State Bar 487167
Attorney for Defendant

This 17th day of February, 2014.

250 One Decatur Town Center
150 East Ponce de Leon Avenue
Decatur, Georgia 30030-2566
Telephone: (404) 824-0112
Facsimile: (404) 377-5776

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that the foregoing **Sentencing Mitigation Memorandum And Request For Departure and/or Variance** has been filed and served using the Court's CM/EMF electronic filing system which will automatically send e-mail notification of such filing to the following attorneys and probation officers of record:

Jill E. Steinberg
Assistant U.S. Attorney
United States Attorney's Office
600 United States Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303
jill.steinberg@usdoj.gov

Stephanie A. Schuessler
United States District Court
Northern District of Georgia
Probation Office
900 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303
Stephanie_Schuessler@ganp.uscourts.gov

This 17th day of February, 2014.

250 One Decatur Town Center
150 East Ponce de Leon Avenue
Decatur, Georgia 30030-2588
Telephone: (404) 824-0112
Facsimile: (404) 377-5776

Jerry D. McCumber
Georgia State Bar 487167
Attorney for Defendant